# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 15-200V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
MARIO CARUSO,                          *
                                       *       Special Master Corcoran
              Petitioner,              *
                                       *       Dated: September 26, 2017
       v.                              *
                                       *       Attorney's Fees and Costs;
                                       *       Interim Fees; Expert Costs.
SECRETARY OF HEALTH AND                *
HUMAN SERVICES,                        *
                                       *
              Respondent.              *
                                       *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Darryl R. Wishard*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### **DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On March 2, 2015, Mario Caruso filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that he suffers from acute disseminated encephalomyelitis ("ADEM") as a result of receiving the influenza ("flu") vaccine on October 16, 2017. Petition ("Pet.") (ECF No. 1) at 1. An entitlement hearing was held on April 20, 2017, in Washington, DC, and a decision in the matter is pending.

Petitioner has now requested an interim award of attorney's fees and costs in the total

---

[1] Although this decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the ruling will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

amount of $121,878.87 (representing $87,753.75 in attorney's fees, and $31,705.59 in costs). *See generally* Motion for Interim Attorney's Fees and Costs, filed September 19, 2017 (ECF No. 51) ("Interim Fees App."). In addition, Petitioner states that he has incurred $2,419.53 of personal costs in connection with this proceeding. Interim Fees App. at 1.

Respondent reacted to the motion on August 31, 2017, deferring to my discretion as to whether Petitioner has met the legal standards for an interim fees and costs award. ECF No. 53 ("Opp.") at 2. Respondent otherwise represents that the statutory and other legal requirements for an award of attorneys' fees and costs are met, and she recommends that if an interim award is appropriate, I calculate a reasonable award. Opp. at 2-3.

For the reasons stated below, I hereby **GRANT IN PART** Petitioner's Motion, awarding at this time interim fees and costs in the total amount of **$117,059.34**. Further, I award separate costs payable to Mario Caruso in the amount of **$2,419.53.**

**Procedural History**

This action has been pending for roughly two and a half years. Pet. at 1. As the billing invoices submitted in support of the fees application reveal, Petitioner's attorney, Joseph Pepper, Esq., began working on the matter on August 28, 2013, two months before the case was filed. *See* Ex. A to Interim Fees App. (ECF No. 51) at 2. The case thereafter proceeded efficiently, with Petitioner filing her medical records and final statement of completion by June 1, 2015. ECF Nos. 11-13. Respondent filing her Rule 4(c) Report on June 3, 2015. ECF No. 14.

After two extensions of time, Petitioner was able to file an expert report from Dr. Carlo Tornatore on November 24, 2015 (ECF No. 22-1), along with several pieces of medical literature. *See* Exs. A-F, filed as ECF Nos. 22-1-8. Petitioner then filed a supplemental report and additional medical literature from Dr. Tornatore on March 29, 2016 (ECF No. 29).

I subsequently set the matter for an entitlement hearing on April 20-21, 2017. ECF No. 34. Prior to the hearing, the parties both continued to submit medical literature and additional exhibits. The parties filed their pre-hearing briefs on January 1, 2017, and January 27, 2017, respectively (ECF Nos. 37-38), and the hearing took place as scheduled. Joseph Pepper and Lauren Faga represented Petitioner at the hearing, and Darryl Wishard appeared on behalf or Respondent.

Petitioner filed the present interim request for an award of attorney's fees and costs on September 19, 2017. *See generally* Interim Fees App. Petitioner specifically requests that Ronald Homer receive $400 per hour for work completed in 2015-2016, and $409 for work completed in 2017. *Id.* at 75. Petitioner also requests that associate Joe Pepper (the lawyer responsible for trial) receive $290 per hour for his work performed from 2014-2016, and $297 per hours for work performed in 2017; associate Christina Ciampolillo receive $300 per hour for work performed

2

from 2015-2016, and $307 per hour for work completed in 2017; and associate Meredith Daniels receive $280 for work performed in 2015. *Id.* She also requests that associate Amy Fashano be compensated at a rate of $223 per hour for work performed from 2013-2014, and associate Lauren Faga be compensated at a rate of $271 for work completed in 2017. *Id.* For the work of three paralegals, Petitioner requests compensation at a rate of $112 for work performed in 2014, $135 per hour for work performed in 2014-2017, and $138 for work performed in 2017. *Id.* In addition, Petitioner requests $145.00 per hour (for 12.9 hours) for the work of one law clerk completed in 2014. *Id.* Petitioner additionally requests $31,705.59 in attorney's costs (for flights, lodging, meals, postage and copies, expert fees, video conference room charges, life care planner fees, and obtaining medical records). *Id.* at 70-74.

## ANALYSIS

### I. Legal Standard Applicable to Interim Fees and Costs Requests

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis (here meaning while the case is still pending). *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6-9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5-9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera*, 515 F.3d at 1352. While there is no presumption of entitlement to interim fees and cost awards, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16.

I find that Petitioner has made a showing sufficient to justify an award of interim fees and costs. Criteria that I have found to be important in determining whether an interim fees request should be permitted include: 1) if the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, *slip op.* at 3 (Apr. 17, 2017). This matter meets all these criteria: it has been pending for more than two years, the total amount of attorney's fees requested exceeds the minimum threshold that I find to be appropriate, and it is likely Petitioner will continue to incur additional attorney's fees. Petitioner's expert has also testified, making it appropriate to compensate him promptly.

### II. Amounts Requested for Petitioner's Attorneys

I must now determine the magnitude of Petitioner's interim attorney's fee award. Whether a fee award is made on an interim basis or after a case's conclusion, the requested sum must be "reasonable." Section 15(e)(1). Special masters may in their discretion reduce attorney hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Perreira*, 27 Fed. Cl. at 34 (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[3] on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner asks that the attorneys and paralegals who worked on this matter be reimbursed at varying rates for work performed from 2014-2017, as detailed above. The attorneys practicing at Conway, Homer, P.C., located in Boston, have repeatedly been found to be "in-forum" and therefore justified to the forum rates established in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[4] In addition, the hourly rates requested are in keeping with the rates that these attorneys have previously received in Vaccine Program cases, and consistent with the rates I have awarded to the Homer firm. *See, e.g., Sharifipour v. Sec'y of Health & Human Servs.,* No. 15-669V, 2017 WL 2926617 (Fed. Cl. Spec.

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). This "Davis" exception is inapplicable here, however, because I have previously found the attorneys in question should receive forum rates.

[4] The *McCulloch* forum rate ranges have been compiled into a list and posted to the Vaccine Claims section of the United States Court of Federal Claim website. The forum hourly rate fee schedule can be accessed at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters ("OSM Hourly Rate Chart").

4

Mstr. June 6, 2017); *Johnson v. Sec'y of Health & Human Servs.*, No. 14-113V, 2016 WL 5224405 (Fed. Cl. Spec. Mstr. Aug. 19, 2016); *Cabrera v. Sec'y of Health & Human Servs.*, No. 13-598V, 2017 WL 656303, at *3 (Fed. Cl. Spec. Mstr. Jan. 23, 2017); *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). I will therefore award the rates requested. And as I have noted in the past, the Homer firm's practice of staffing cases with large numbers of attorneys is not problematic for me, absent evidence of overbilling. *See Barrett v, Sec'y of Health & Human Servs.*, No. 09-389V, 2014 WL 2505689, at *8-9 (Fed. Cl. Spec. Mstr. May 13, 2014).

In addition, the majority of the hours expended on this matter (382.7 hours in total) appear to be reasonable for a case that has lasted roughly two and a half years, and required an entitlement hearing. This case has also proceeded in a timely fashion, and Petitioner's attorneys efficiently used their time to collect the necessary medical records and medical literature relevant to this case. I do not find any particular billing entries to be objectionable, nor has Respondent identified any as such. Therefore, the requested hours will be reimbursed in full.[5]

### III.   Requested Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are *reasonable*. *Perreira*, 27 Fed. Cl. at 34; *Presault*, 52 Fed. Cl. at 670. Reasonable costs include the costs of obtaining medical records and expenses incurred while traveling in relation to the claim. *Reginelli v. Sec'y of Health & Human Servs.*, No. 14-972V, 2016 WL 1161309, at *3 (Fed. Cl. Spec. Mstr. Mar. 1, 2016). This also includes expert time incurred while working on a case. *Fester*, 2013 WL 5367670, at *16. When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

The requested costs can be sorted into several different categories. First, Petitioner requests a total of $21,600.00 for Dr. Tornatore's expert work and expenses on this matter. Ex. A to Interim Fees App. at 74. Petitioner next asks for $2,510.95 in airfare expenses, as well as $1,890.58 in lodging costs during Mr. Pepper's client visit to Fresno, and the entitlement hearing in DC, for both Mr. Pepper and Ms. Faga. *Id.* at 71-74. In connection with meals eaten during the client visit and the entitlement hearing, Petitioner asks for $321.07. *Id.* at 71-73. Petitioner requests $519.62

---

[5] Petitioner requests $145/hour for work completed by one law clerk. In a past case, I have awarded this rate for work completed by Homer firm law clerks. *See, e.g., Anderson v. Sec'y of Health & Human Servs.*, No. 02-1314V, 2017 WL 2927044 (Fed. Cl. Spec. Mstr. May 24, 2017). Although the OSM Forum Rate Fee Schedule, located on the Court of Federal Claims' website, does not list a fee range for law clerks, I will award the forum rate for law clerk work performed consistent with *McCulloch*. However, in the future, I will not distinguish between law clerk rates and paralegal rates in the forum, and I will award only the top paralegal rate for law clerk work performed.

for cabs, parking, and car rental costs associated with travel, for both Mr. Pepper and Ms. Faga. *Id*. Finally, Petitioner requests a total of $4,863.37 (representing postage costs, photocopy and fax charges, medical records charges, transcript fees, video conference room charges, and life care planner fees). *Id.* at 69-74.

I will make one reduction to the requested costs. Dr. Tornatore charged an hourly rate of $400 for 54 hours of work, including 12 hours for hearing preparation specifically. Dr. Tornatore's rate of $400/hour is consistent with my previous awards and the awards of other special masters. *See, e.g., Morgan v. Sec'y of Health and Human Servs.*, No. 15-1137V, 2017 WL 1034399 (Fed. Cl. Spec. Mstr. Jan. 23, 2017); *Jaffri v. Sec'y of Health & Human Servs.*, No. 13-484V, 2017 WL 7319407 (Fed. Cl. Spec. Mstr. Sept. 30, 2016); *L.A. v. Sec'y of Health & Human Servs.*, No. 12-629V, 2016 WL 1104860 (Fed. Cl. Spec. Mstr. Feb. 29, 2016). However, overall, it appears Dr. Tornatore's hearing preparation charges (12 total) were slightly excessive., given that Dr. Tornatore spent less time (10.5 hours) preparing his three expert reports. *See* Ex. A to Interim Fees App. at 106. I will therefore reduce his hearing preparation time by six hours and reimburse him only for 48 hours of work, billed at the rate of $400, for a total of $19,200.00 (representing a reduction of $2,400.00).

The remainder of the requested litigation costs, representing payments made for medical records, postage and copying costs, approved travel-related expenses, and life care planner fees appear to be reasonable and will be reimbursed in full. I find that Petitioner's costs (representing the filing fee, expert retainer fee, and fax charges) are reasonable and should be awarded in full as well. Therefore, I will award a total of $29,305.59 in costs.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Interim Attorney's Fees, as follows:

|  | Amount Requested | Reduction | Total Awarded |
|---|---|---|---|
| **Attorney's Fees** | $87,753.75 | None | $87,753.75 |
| **Litigation Costs** |  |  |  |
| Dr. Tornatore | $21,600.00 | 2,400.00 | $19,200.00 |
| Airfare | $2,510.95 | None | $2,510.95 |
| Lodging | $1,890.58 | None | $1,890.58 |
| Meals | $321.07 | None | $321.07 |
| Parking and Transportation | $519.62 | None | $519.62 |
| Postage, Copies, | $4,863.37 | None | $4,863.37 |

6

| | | | |
|---|---|---|---|
| Records, VC Rooms, Life Care Planner | | | |
| **Petitioner's Costs** | $2,419.53 | None | $2,419.53 |

I therefore award a total of **$117,059.34** in interim fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Ronald Homer, Esq., representing attorney's fees in the amount of $87,753.75, plus costs in the amount of $29,305.59. I award separate costs payable to Mario Caruso in the amount of **$2,419.53.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.