# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-200V
**(Not to be Published)**

```
* * * * * * * * * * * * * * * * * * * * * * * *
MARIO CARUSO,                         *
                                      *          Special Master Corcoran
              Petitioner,             *
                                      *          Dated: July 6, 2018
v.                                    *
                                      *          Attorney's Fees and Costs.
                                      *
SECRETARY OF HEALTH AND               *
HUMAN SERVICES,                       *
                                      *
              Respondent.             *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Darryl R. Wishard*, U.S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]**

On March 2, 2015, Mario Caruso filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that he suffers from acute disseminated encephalomyelitis ("ADEM") as a result of receiving the influenza ("flu") vaccine on October 16, 2017. Petition ("Pet.") (ECF No. 1) at 1. An entitlement hearing was held on April 20, 2017, in Washington, DC, and on October 18, 2017, I issued my Decision denying entitlement. *See Caruso v. Sec'y of Health & Human Servs.*, No. 15-200V, 2017 WL 5381154 (Fed. Cl. Spec. Mstr. Oct. 18, 2017), *aff'd*, 137 Fed. Cl. 386 (Fed. Cl. 2018).

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). This means that the ruling will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now requested a final award of attorney's fees and costs in the total amount of $12,443.82 (representing $12,397.50 in attorney's fees and $46.32 in costs). *See generally* Petitioner's Application for Final Attorneys' Fees and Costs, ECF No. 72 ("Fees App."), at 1-2. Previously, I granted Petitioner's motion for interim fees and costs, awarding $117,059.34 in fees and costs, and $2,419.52 in separate costs payable to Petitioner. *Caruso v. Sec'y of Health & Human Servs.*, No. 15-200V, 2017 WL 5381004, at *1 (Fed. Cl. Spec. Mstr. Sept. 26, 2017).

Respondent reacted to the motion on June 26, 2018, deferring to my discretion as to whether Petitioner has met the legal standards for a final award of fees and costs. ECF No. 73 at 2. Respondent otherwise represents that the statutory and other legal requirements for an award of attorneys' fees and costs are met, and recommends that if an award is appropriate, I calculate a reasonable award. Opp. at 2-3.

For the reasons stated below, I hereby **GRANT** Petitioner's Motion, making a final award of attorney's fees and costs in the total amount of **$12,443.82**.

**Procedural History**

A brief discussion of the procedural history of this case was provided in the Decision on Interim Fees and will not be repeated here. *See Caruso*, 2017 WL 5381004, at *1-2. Since that time, I issued my decision denying entitlement on October 18, 2017. Thereafter, Petitioner filed a motion for review on November 11, 2017 (ECF No. 60), followed by a memorandum in support of his motion on November 17, 2017. ECF No. 62. On April 6, 2018, the Court of Federal Claims denied Petitioner's motion for review. *Caruso*, 137 Fed. Cl. at 395. On April 27, 2018, Petitioner thereafter filed his election to reject the judgment of the Court of Federal Claims in order to file a civil action for damages. ECF No. 71.

Petitioner filed the instant final fees motion on June 26, 2018. ECF No. 72. As was the case previously, the billing records indicate that work on this case was performed by several Conway, Homer, P.C. attorneys – Mr. Homer, Mr. Pepper, Ms. Ciampolillo, Ms. Faga, and Ms. Daniels – along with firm paralegals and law clerks. Fees App. at 4-6. The application requests total compensation of attorney's fees for Conway, Homer, P.C. in the amount of $12,397.50, for work performed from September 19, 2017, to June 25, 2018, at the following hourly rates:

|  | **2017** | **2018** |
| --- | --- | --- |
| **Mr. Homer** | $409.00 | $421.00 |
| **Mr. Pepper** | $297.00 | $305.00 |

| **Ms. Ciampolillo** | $307.00 | $316.00 |
|---|---|---|
| **Ms. Daniels** | $286.00 | - |
| **Ms. Faga** | $271.00 | - |
| **Paralegals** | $136.00 | $142.00 |
| **Law Clerks** | $148.00 | - |

*Id.* Petitioner also seeks to recover $46.32 in costs, representing two FedEx shipments from Conway, Homer, P.C. to Petitioner. *Id.* at 6.

## ANALYSIS

### I. Legal Standard Applicable to Fees and Costs Requests

Unsuccessful petitioners may be awarded reasonable fees and costs if, in the special master's exercise of discretion, such an award is appropriate (and, as in the case of successful claims, the requested fees and costs are reasonable). I have in other decisions addressed at length the legal standard applicable to evaluating the propriety of a fees request in an unsuccessful case *See, e.g*, *R.V. v. Sec'y of Health & Human Servs.*, No. 08–504V, 2016 WL 7575568 (Fed. Cl. Spec. Mstr. Nov. 28, 2016). The primary factors to be considered under such circumstances are whether (a) the petition was brought in good faith; and (b) there was reasonable basis for which the petition was brought. Section 15(e)(1); *Silva v. Sec'y of Health & Human Servs.*, 108 Fed. Cl. 401, 405 (2012). Determining whether a petition was filed in good faith is a subjective inquiry, and can be established as long as the petitioner demonstrates an honest belief that he has suffered a compensable injury. *See Lemaire v. Sec'y of Health & Human Servs.,* No. 13–681V, 2016 WL 5224400, at *3 (Fed. Cl. Spec. Mstr. Aug. 12, 2016). A claim's reasonable basis involves application of objective criteria which looks to the feasibility of the claim, and not to the claim's likelihood of success. *Id.* at 4.

Assuming reasonable basis has been established, determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[3] on the litigation times

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs*., No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be

3

a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Although Petitioner was not successful in pursuing his claim, I find that the matter had sufficient reasonable basis to justify a final award of fees. I do not doubt that Petitioner filed his claim in good faith, and the claim possessed objective support, along with credible expert testimony. Accordingly, a final award of attorney's fees and costs is proper.

## II.    Amounts Requested for Fees and Costs

I must now determine the magnitude of Petitioner's interim attorney's fee award. Whether a fee award is made on an interim basis or after a case's conclusion, the requested sum must be "reasonable." Section 15(e)(1). Special masters may in their discretion reduce attorney hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Perreira*, 27 Fed. Cl. at 34 (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

I have already considered the 2017 rates for Conway, Homer, P.C. attorneys and staff in my decision on interim fees and costs and found them to be reasonable. *Caruso*, 2017 WL 5381004, at *3. Additionally, I have recently considered 2018 rates for Conway, Homer, P.C. attorneys and staff and found the rates in that matter (identical to the rates requested here) to be reasonable. *See Emerson v. Sec'y of Health & Human Servs.*, No 15-42V, ECF No. 64 (Fed. Cl. Spec. Mstr. May 30, 2018). Accordingly, no adjustments to the requested rates are necessary.

In addition, the hours expended on this matter (43.40 hours in total since the award of interim fees in September 2017) appear to be reasonable. The instant application for attorney's fees covers a time period from after the entitlement hearing to the present. During that time, counsel reviewed my entitlement decision, discussed next steps with Petitioner, and went through

---

considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). This "Davis" exception is inapplicable here, however, because I have previously found the attorneys in question should receive forum rates.

the appeals process at the Court of Federal Claims. I do not fine any particular billing entries to be objectionable, nor has Respondent identified any as such. Therefore, the requested hours will be reimbursed in full.

I find the requested costs to be reasonable as well. Petitioner only identifies two costs to be reimbursed – amounts of $23.13 and $23.19, both at FedEx for the cost of shipping legal documents to Petitioner. I find these litigation costs to be reasonable and will award them in full.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of fees awards, and based on the foregoing, I **GRANT** Petitioner's motion for attorney's fees and costs and award a total of **$12,443.82** in fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Ronald Homer, Esq., representing $12,397.50 in attorney's fees and $46.32 in costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.